```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA


JOSEPH GREEN, et al.,              )   3:09-CV-00374-ECR-GWF
                                   )
     Plaintiffs,                   )   MINUTES OF THE COURT
                                   )
vs.                                )   DATE: July 30, 2010
                                   )
COUNTRYWIDE HOME LOANS, INC.,      )
et al.,                            )
                                   )
     Defendants.                   )
                                   )
_____)

PRESENT:      EDWARD C. REED, JR.                U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN        Reporter:     NONE APPEARING

Counsel for Plaintiff(s)               NONE APPEARING

Counsel for Defendant(s)               NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

On January 12, 2010, we entered an Order (#236) granting various motions to dismiss. Because this is an MDL case, the motions to dismiss were granted only to the extent they addressed Plaintiffs' claims unrelated to the formation and/or operation of the MERS. In that Order (#236), we also denied Plaintiffs' motion (#163) for leave to file a proposed amended complaint on the basis of futility. A copy of the proposed amended complaint (#163-1) was attached to the motion. Three days later, on January 15, 2010, the MDL Court in the District of Arizona ("the MDL court") granted (#272-2) Plaintiffs' motion to file the same proposed amended complaint. The MDL court emphasized that "the Court did not consider [Defendants'] arguments substantively in granting the motion to amend, but instead granted the motion for ease of administration of these cases." (Practices and Procedures Order at 3-4 (#272-2).)

On January 15, 2010, Plaintiffs' amended complaint (MDL Docket (#238)) was filed with the MDL Court pursuant to that court's order (#272-2). However, no such amended complaint was ever filed with this court.

On January 22, 2010, Plaintiffs filed a motion (#237) for reconsideration of our Order (#236) granting the motions to dismiss and

denying leave to amend. We denied (#260) the motion (#237). In doing so, we acknowledged the existence of the MDL court's order but reasoned that our Order (#236) did not conflict with the MDL court's order allowing leave to amend because the MDL court's order "must be interpreted to include only claims involving the formation and/or operation of MERS." (Order at 2 (#260).) On March 12, 2010, Plaintiffs appealed (#262) our Order (#236) to the Ninth Circuit.

It appears to us, however, that Plaintiffs appealed an unappealable order. Indeed our Order (#236) did not, nor was it intended to, dispose of the entirety of this action. See Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097, 1101 (9th Cir. 2008). We acknowledged repeatedly in our Order (#236) that our decision did not refer to or rule upon Plaintiffs' claims under the jurisdiction of the MDL court.

On March 23, 2010, the MDL court filed an order (#265) delineating which claims in Plaintiffs' amended complaint are within its jurisdiction and which were remanded to our court. The following claims in the amended complaint, according to that order, were remanded to our Court: Plaintiffs' second claim for unjust enrichment, to the extent the claim is based on loan origination, and Plaintiffs' fifth and sixth claims for injunctive and declaratory relief, respectively.

The very nature of these bifurcated proceedings makes effective coordination difficult, to say the least. We thus find ourselves in an seemingly unprecedented situation wherein the amended complaint filed in the MDL court in the same one we denied Plaintiffs leave to file.

Now pending are Defendant GMAC Mortgage, L.L.C.'s "Motion to Dismiss Remanded Claim for Unjust Enrichment" (#271), Defendant Aurora Loan Services's "Motion to Clarify Status of Remanded Unjust Enrichment Claim" (#272), Defendant Litton Loan Servicing's "Motion to Dismiss" (#273), Defendants Bank Of America, N.A., Countrywide Home Loans, Inc, Recontrust Company, The Bank of New York Mellon and Wells Fargo Bank, N.A.'s "Motion to Dismiss the First Amended Complaint" (#279) and AIG United Guaranty Corporation's "Motion to Dismiss" (#280).

Defendants' motions all address the current procedural posture of this case wherein the amended complaint filed in the MDL court in the same one we denied Plaintiffs leave to file. Defendants seek clarification of the status of the claims in Plaintiffs' amended complaint — in particular the second, fifth and sixth claims — that the MDL court purported to remand (#265) to us.

We reaffirm our decision to deny Plaintiffs leave to file their proposed amended complaint on the bases enunciated in our previous Order (#236). The underlying non-MERS claims were deficient. Nevertheless, to the extent the

MDL court's rulings cast doubt on the status of Plaintiffs' non-MERS claims, **IT IS, THEREFORE, HEREBY ORDERED THAT** the second, fifth and sixth claims in Plaintiffs' amended complaint shall be dismissed on the following basis: We lack jurisdiction over Plaintiffs' claims that were transferred to the MDL; we thus do not dismiss Plaintiffs' second, fifth and sixth claims to the extent they are related to the formation and/or operation of the MERS system.

**IT IS HEREBY FURTHER ORDERED THAT** Defendants' Motions to Dismiss (## 271, 273, 279 and 280) are **DENIED** as moot.

**IT IS HEREBY FURTHER ORDERED THAT** Defendant Aurora Loan Services's "Motion to Clarify Status of Remanded Unjust Enrichment Claim" (#272) is **DENIED** as moot.

Therefore, the only portion of the amended complaint which remains pending in this case is that which is before the MDL court pertaining to the formation and/or operation of MERS.

LANCE S. WILSON, CLERK

By _____/s/_____
        Deputy Clerk